## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| IN RE: | Jimmy Lane Foster | : | Case No: 11-12988 |
| | Elena Lee Foster | : | |
| | Debtor(s) | : | Chapter 13 |

## POST CONFIRMATION AMENDED CHAPTER 13 PLAN

*DEBTOR'S POST CONFIRMATION AMENDED PLAN OF REPAYMENT; POST CONFIRMATION AMENDED PLAN SUMMARY; PROPOSED ADEQUATE PROTECTION; and REQUEST FOR VALUATION OF SECURITY*

| | |
|---|---|
| **Monthly Plan Payment**. | $2,315.00 total paid in for months 1-3 (As of February 29, 2012); then $1,147.00 per month for months 4-60 (57 Months)(Beginning with the March 5, 2012, payment) |
| **Estimated Term** *(See Sections I(A) & III(C)(9))* | 60 Months |
| **Method of Payment** | Direct Payment |
| **Above or Below State Median Income** | Below Median |
| **Attorney Compensation Previously Approved: $2,800.00.** **Attorney Compensation Requested: $0.00 for Post Confirmation Amended Plan** | Total Fee to be paid to Debtor's Counsel: $2,800.00 |
| **Amount to Be Paid to Non-Priority Unsecured Creditors** *(See Sections II(8) & III(C)(10))* | $1,400.00 |
| **First Payment Due Date**. | December 5, 2011 |

**Additional Payments to Trustee:** NONE

**Special Provisions and/or Changes to Sections III, IV, or V of the Model Plan:** NONE

**Summary of and/or Reasons for Modification:** Debtors are modifying their plan to include the December 2011 mortgage payment per the Motion to Lift Stay (Docket #28). Trustee shall disburse the ongoing mortgage payments to Vanderbilt as stated in the confirmed plan of January 23, 2012.

*Keith M. Welch / Jennifer L. Purnell*
*Simon, Fitzgerald, Cooke, Reed & Welch*

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | | |
|---|---|---|
| IN RE: Jimmy Lane Foster | : | Case No: 11-12988 |
| Elena Lee Foster | : | |
| Debtor(s) | : | Chapter 13 |

## POST CONFIRMATION PLAN SUMMARY AND NOTICE

This pleading is a Bankruptcy Rule 3015(d) Summary and Notice of a Chapter 13 Plan of Repayment filed by the above captioned debtor(s) (the term debtor herein refers to both single and joint debtors). This six page document is only a summary and a portion of the complete plan. In all instances the complete plan and terms and conditions set forth therein shall be controlling. The complete plan and an Addendum to Chapter 13 Plan-Application And Notice For Attorney Fees states an amount for services rendered or to be rendered and expenses advanced or to be advanced by counsel for debtor, or the method of determining same. These pleadings may be viewed and printed by logging on to PACER at www.lawb.uscourts.gov. To obtain a password, you may register at http://pacer.psc.uscourts.gov or call PACER Service Center at 1-800-676-6856. The summary of the contents of the plan filed by debtor is as follows: Debtor's *PLAN OF REPAYMENT* PURSUANT TO 11 U.S.C. §§1321, 1322, 1322 AND 1325; *PROPOSED ADEQUATE PROTECTION* PURSUANT TO 11 U.S.C. §361; and debtor's *REQUEST FOR VALUATION OF SECURITY*; pursuant to 11 U.S.C. §506 and Bankruptcy Rule 3012:

**I. PAYMENTS BY DEBTOR TO TRUSTEE, PAYMENTS BY DEBTOR DIRECTLY TO CREDITORS AND SECURED CREDITOR DEBT SATISFIED BY SURRENDER:**

**(A)** Debtor will make monthly payments to the Chapter 13 Trustee in the amount of **$2,315.00 total paid in for months 1-3 (As of February 29, 2012); then $1,147.00 per month for months 4-60 (57 Months)(Beginning with the March 5, 2012, payment)** over an estimated term of **60 months**, with the first payment being due on **December 5, 2011**, until all payments have been made or until all proposed disbursements have been made, whichever occurs earlier. The payments will be made by: **Direct Payment**. It is the responsibility of Debtor to make the monthly payments to the Trustee. If payroll deduction is the chosen method of payment, the Debtor will pay the Trustee all payments that come due until the payroll deduction is full in place, and will pay to the Trustee any sums on a monthly basis that come due and are not paid by payroll deduction.

**(B) ADDITIONAL SUMS DEBTOR WILL REMIT TO THE CHAPTER 13 TRUSTEE:**
   *(Place an "X" on the one that applies)*

  **X**   NONE
  ____   50% of the net recovery from all personal injury and litigious claims that are properly scheduled and are received by debtor prior to completion of the plan.

  ____   Other: _____*(Describe, if applicable)*_____ received by debtor prior to completion of the plan.

**(C) DEBTOR WILL PAY THESE CREDITORS DIRECTLY OR SATISFY CLAIM BY SURRENDER OF COLLATERAL:**

**(1) DEBTOR WILL PAY MORTGAGES(S) ON PRINCIPAL RESIDENCE/REAL PROPERTY:**

| Creditor | Collateral | Estimated Monthly Payment | To be paid beginning |
|---|---|---|---|
| NONE | | | |

**(2) DEBTOR WILL PAY OTHER NON-PRINCIPAL RESIDENCE & NON-LEASE DIRECT PAYMENT(S) INCLUDING DIRECT PAY OR PAYROLL DEDUCTED SUPPORT OBLIGATIONS:**

| Creditor | Collateral | Estimated Monthly Payment | To be paid beginning |
|---|---|---|---|
| NONE | | | |

**(3) AS SOON AS POSSIBLE AFTER PLAN CONFIRMATION DATE, DEBTOR WILL SURRENDER PROPERTY TO SECURED CREDITOR TO SATISFY CREDITOR'S SECURED CLAIM:**

| Creditor | Collateral/Property to be Surrendered | Terms of Surrender |
|---|---|---|
| NONE | | |

**(4) DEBTOR WILL PROVIDE FOR/PAY THE FOLLOWING LEASE/RENTAL/EXECUTORY CONTRACTS:**

**(a) Assumed and debtor will pay:**

| Creditor | Description of Property | Regular Payment | # Mos. Left on Orig. Contract | Arrears/Cure Amount | Remaining Reg. Pays. w/Cure Pays. & Term |
|---|---|---|---|---|---|
| NONE | | | | | |

**(b) Rejected and to be surrendered as soon as possible after plan confirmation date & §362(a) Stay Lifted:**

| Creditor | Description of Leased Property to be Surrendered | Terms of Surrender |
|---|---|---|
| NONE | | |

**II. CLASSIFICATION/RANK OF CLAIMS DISBURSED BY TRUSTEE:** The Chapter 13 Trustee shall make disbursements on the following claims only in the order and rank set forth herein. Claims are numerically ranked in classes and sub-classes. Sub-classes in the same numerical class shall be treated concurrently. The Trustee shall not make disbursements to any inferior ranked class until all accrued amounts due within a specific superior class have been paid in full. All amounts due within a specific class shall be paid *pro rata* concurrently before any distribution to a lower class. In the event the Trustee does not have sums sufficient to pay all concurrently ranked claims their full accrued monthly amounts, the Trustee shall disburse the funds available to the claimants of equal rank *pro rata* based on their stated monthly payment amount. If no monthly payment amount is stated then the *pro rata* disbursements shall be based on the total claim amounts.

**(A) TRUSTEE'S FEE AND FILING FEE:** Before each payment to debtor''s counsel and creditors and prior to the disbursements set forth in II(B) the Trustee shall disburse pursuant to 11 U.S.C. §1326(b)(1) & (2) the following administrative-priority claims provided for under 11 U.S.C. §507(a)(1)( C) & (2)**.**

**(1) TRUSTEE'S FEE:** The Trustee shall withhold from all payments received up to 10%.

**(2) UNPAID FILING FEES:** NONE

**(B) TRUSTEE DISBURSEMENTS ON CREDITOR CLAIMS, ADMINISTRATIVE CLAIMS AND CLASSIFICATION/RANKING:**

**(1) ADEQUATE PROTECTION PAYMENTS AND ALLOWED ADMINISTRATIVE CLAIMS DISBURSED BEFORE THE PERIODIC-EQUAL MONTHLY PAYMENTS REQUIRED TO SECURED CREDITORS' CLAIMS (Class 1):**

**(a) Continuing Adequate Protection Payments per 11 U.S.C. §361** *(See Section III(C)(1))***:** Payments made to creditor(s) shall continue until the secured claim(s) provided for in the later class is fully paid and shall be deducted from the Total Payment amount therein reflected.

| Creditor | Collateral | Monthly A.P. Payment | Number of Payments | Total Payment |
|---|---|---|---|---|
| Springleaf Financial Services (proof of claim #6) | 199 Chevrolet Suburban & 1998 Ford F150 | $45.00 | Until *II(B)(3)(a) or (b)* secured claim paid | *See II(B)(3)(a) or (b)* Total Payment |

**(b) Allowed Debtor''s Attorney's Administrative Expense Claims Including Attorney's Fees and Expenses Under 11 U.S.C. §§ 330, 331, 503(b), 507(a)(2) & 1326(b)(1).** If fees are requested for this Post-Confirmation Amended Plan, an Addendum To Chapter 13 Plan, Application And Notice For Attorneys Fees setting forth how the administrative claim is determined is being contemporaneously filed, and noticed through this Plan Summary. If no objection to the administrative claim is timely filed, the administrative claim may be approved at the Confirmation Hearing or at a later Fee Hearing. The previously confirmed plan provided for legal fees in the amount of $2,800.00 for Debtors' counsel. Debtor requests additional fees of $0.00 in connection with the modification for a total administrative claim of $2,800.00.

The approved fees and expenses of Debtor's counsel shall be paid by the Trustee in monthly disbursements in the amounts set forth as follows:

**(i)** $475.72 per month for month 4 for a total of $475.72. *The monthly payment herein is calculated by subtracting the monthly Trustee disbursements in II(A)(1) & (2) and the monthly adequate protection payments in II(B)(1)(a) from the monthly plan payment in I(A).*

**(ii)** After the disbursements of II(B)(1)(b)(i) have been made, the remaining balance of these fees, $1,655.88 plus any additional fees awarded to counsel for debtor shall be paid in monthly disbursements in the amount of $475.72 each until the allowed administrative claims are paid in full. *The monthly payment herein is calculated by subtracting the monthly Trustee disbursements in II(A)(1) & (2), the monthly adequate protection payments in II(B)(1)(a) and the monthly mortgage payment in II(B)(2)(b) from the monthly plan payment in I(A).*

**(2) REMAINING ADMINISTRATIVE CLAIMS & CLAIM(S) SECURED BY REAL PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE (Class 2):**

**(a) Other Administrative Expenses:**

| Holder | Nature of Claim | Monthly Payment | Total Payment |
|---|---|---|---|
| NONE | | | |

**(b) Secured by Real Property that is the Debtor's Principal Residence per §1322(b)(2).** Payments or Other Treatment under §§1322(b)(5) & 1325(a)(5). Any payments not provided for in this class shall be paid as "Administrative Delay Payments." *(See Section II(B)(4)(a) & III(B)(2))*:

| Creditor | Collateral | Value / Claim Amount | Estimated Rate, Term & Average Payment | Total Payment |
|---|---|---|---|---|
| Caddo Parish Commission | Home | $3,397.05 | $64.18 at 5% for 60 Months | $3,851.02* |
| Tucker Five, LLC | Land Located at: 14613 Pecan Rd. Keithville, LA 71047 | $4,801.12 | $107.33 at 3.5% for 48 Months | $5,152.02* |
| Tucker Five, LLC | Land Located at: 14613 Pecan Rd. Keithville, LA 71047 | $310.00 | $6.46 for 48 months | $310.00** |

*Pay Per Plan.
**Per Agreement with Creditor

| Creditor | Collateral | Monthly Payment | Number of Payments | Date Payments Begin | Total Payment |
|---|---|---|---|---|---|
| Bony Mellon/Vanderbilt Mortgage (proof of claim #2-2) | Home | $551.73* | 57 | March 2012 | $31,448.61 |

***Debtor will obtain insurance and pay it directly.**

**(3) CLAIMS SECURED BY MOVABLE PROPERTY OR REAL PROPERTY WHERE §1322(b)(2) IS NOT APPLICABLE (Class 3):** Secured creditors recognized herein shall not receive more than the pre-computed sum reflected in the Total Payment column *(See Section III(A)(4))* (If a creditor receives the *II(B)(1)(a)* Adequate Protection Payments, then the "Average Payment" shown here will be the amount shown, less the adequate protection payment paid in each disbursement):

**(a) Secured Creditors - 11 U.S.C. §506 Not Applicable (PMSI on "910" motor vehicle or 1-year for any other thing of value):**

| Creditor | Collateral | Estimated PMSI Amount | Estimated Rate, Term & Average Payment | Total Payment |
|---|---|---|---|---|
| NONE | | | | |

**(b) Secured Creditors - 11 U.S.C. §506 Is Applicable:**

| Creditor | Collateral | Value / Claim Amount | Estimated Rate, Term & Average Payment | Total Payment |
|---|---|---|---|---|
| Springleaf Financial Services (proof of claim #6) | 1999 Chevrolet Suburban & 1998 Ford F150 | $5,025.00 | $95.40 @ 5.25% x 60 Months | $5,724.27 |
| Tower Loan (South Shreveport) (proof of claim #8) | HHGs | $2,500.00 | $46.04 @ 4% x 60 Months | $2,762.48 |
| Tower Loan (Mansfield) (proof of claim #4) | HHGs | $1,500.00 | $28.56 @ 5.25% x 60 Months | $1,713.34 |
| HSBC Retail* (no proof of claim) | 2009 Yamaha 4 Wheeler | $3,000.00 | $56.96 @ 5.25% x 60 Months | $3,417.48 |

***Pay Per Plan even without proof of claim having been filed.**

**(4) CURE OF DEFAULTS & ADMINISTRATIVE DELAY PAYMENTS UNDER §1322(B)(3) and/or (5). (Class 4):**

**(a) Cure for Administrative Delay Payments under §1322(b)(3) and/or (b)(5)** *(See Section III(B)(2))*:

| Creditor | Collateral | Monthly Payments | Number of Payments | Total Payment |
|---|---|---|---|---|
| Bony Mellon/Vanderbilt Mortgage (proof of claim #2-2) | Home | $551.73 | 3 (December 2011 through February 2012) | $1,655.19 |

**(b) Cure of Defaults (Pre or Post-Petition) under §1322(b)(3) and/or (b)(5):**

| Creditor | Collateral | Amount of Arrears | Total Payment |
|---|---|---|---|
| Bony Mellon/Vanderbilt Mortgage (proof of claim #2-2) | Home | $2,222.31 (Pre-Petition Arrears through November 2011) | $2,222.31 |

**(5) DOMESTIC SUPPORT OBLIGATION (DSO) ARREARS (Class 5):**

| DSO Obligation Holder and/or Assignee | Nature of Claim | Total Payment |
|---|---|---|
| NONE | | |

**(6) OTHER UNSECURED PRIORITY CLAIMS INCLUDING TAX CLAIMS (Class 6):**

| Creditor | Nature of Claim | Total Payment |
|---|---|---|
| Louisiana Department of Revenue (proof of claim #5) | 2010 Taxes | $12.015 |

**(7) SPECIAL, CO-SIGNED AND/OR NONDISCHARGEABLE CLAIMS NOT PROVIDED FOR IN II(B)(8) (Class 7).** Creditors recognized herein shall not receive more than the pre-computed sum reflected in the Total Payment (P & I) column:

| Creditor | Nature of Debt | Amount to be Paid | Estimated Rate, Term & Average Payment | Total Payment |
|---|---|---|---|---|
| NONE | | | | |

**(8) NON-PRIORITY GENERAL UNSECURED CLAIMS (Class 8):** All other allowed general non-priority unsecured claims shall be paid a total of $1,400.00 to be distributed *pro rata* based on their claim amount. The amount to be disbursed to the non-priority general unsecured creditors may be adjusted only as set forth in *III (C)(10)*.

## *NOTICE – ATTENTION: YOUR RIGHTS MAY BE AFFECTED – NOTICE*

This pleading seeks relief under the Bankruptcy Code and complies with and is being noticed pursuant to Bankruptcy Rule 2002, 2016, 3012, 3013, 3015 and 4001. A notice document is being sent with this pleading setting a confirmation hearing on debtor's plan, and an *Addendum to Chapter 13 Plan-Application And Notice For Attorney Fees* has been filed in the record of this case and may be reviewed by logging onto PACER. This confirmation hearing shall also be the hearing on debtor's request for valuation, *See Section II(B)(3) above*, and compensation for debtor's attorney, *See Section II(B)(1)(b) above*. Provided no change of circumstances during the term of the plan, the "value", once determined shall be a "res judicata" determination and all parties shall be bound by such valuation. Additionally, if *I(B)* provides for payment to the Trustee of fifty percent (50%) of the net recovery from all personal injury and litigious claims, confirmation of this plan shall authorize the Trustee to accept such amount in full satisfaction of the estate's interest in such claim(s) and shall be deemed approval of any subsequent settlement and/or compromise

Objections to the debtor's plan, proposed valuation or compensation for debtor's counsel must be in writing and must be filed with the court and served on the debtor, debtor's counsel and the trustee at least seven (7) days prior to the date set for the confirmation hearing. Absent any objections, the Court may at such hearing confirm the debtor's plan, determine the value of debtor's property for secured claims purposes, and set the amount of debtor's counsel administrative claims for services rendered and reimbursement of advanced expenses. Counsel for debtor reserves the right to request additional fees b fee application for services exceeding any amounts set forth herein.

**PLAN & SUMMARY DATE:** February 29, 2012      **SIMON, FITZGERALD, COOKE, REED & WELCH**

/s/ Jennifer L. Purnell for
Jennifer L. Purnell, #26475
Keith M. Welch, #13347
Simon, Fitzgerald, Cooke, Reed & Welch
4700 Line Ave., Suite 200,
Shreveport, LA 71106
(318) 868-2600
Jennifer L. Purnell

### III. GENERAL PLAN PROVISIONS:

  **(A) ALL SECURED CLAIMS**

  NOTICE: Objections to secured claims (See - Section V). Any opposition or response to the bifurcation of the Claim as set forth herein must be filed within seven (7) days prior to the hearing on this objection and confirmation hearing. If an opposition or response is timely filed, a hearing will be held on this objection to the claim at the same time, date, and place as the confirmation hearing on this Plan.

  **(1) PLAN VALUATION IS AN OBJECTION TO CLAIM.**
  To the extent that this plan values collateral less than the full amount due to the secured creditor, this plan includes an objection to said claim for the purpose of determining the amount of the allowed secured claim and determining the remaining allowed secured claim. See Section (V), infra.

  **(2) BIFURCATION OF CLAIMS FILED AS "SECURED".**
  To the extent that there exists an allowed unsecured portion of a claim otherwise filed as secured, such unsecured amount shall be treated as a non-priority unsecured claim and paid pro rata with other non-priority unsecured claims.

  **(3) CERTAIN CREDITORS TO BE PAID EVEN IF NOT APPEARANCE MADE.**
  Unless otherwise specified or ordered by the court, any claim listed as secured in an amount greater than $3,500.00 shall be paid by the Trustee according to the terms of this plan without the necessity of such creditor filing a proof of claim, objection, or otherwise making an appearance before the court, provided adequate information to make the distribution has been provided to the Trustee. Unless otherwise specified or ordered by the court, the Trustee: (I) shall not disburse to any secured creditor with a claim in the amount of $3,500.00 or less unless a claim is filed; and (ii) shall not disburse to any unsecured priority claim creditors or general unsecured creditors pursuant to the terms of this plan unless a claim is filed.

  **(4) ALLOWED SECURED CREDITORS RETAIN RIGHTS.**
  All regular monthly home mortgage payments will be paid either by the Trustee or directly by the debtor. Unless otherwise stated, these payments will only maintain the home mortgage payments during the term of the plan and the obligation and security on the same shall survive the bankruptcy, subject to any payments made. Any creditor secured only by a security interest in the real property that is the debtor's principal residence shall retain all rights granted to it under its mortgage or security agreement except that any prior default shall be cured as set forth in this plan. The holder of a claim Secured by Movable Property or Real Estate where 11 U.S.C. §1322(b)(2) is not applicable, which is provided for in this plan, shall not receive more than the pre-computed sum in the Total Payment column. Nothing herein will prohibit the debtor from prepaying the claim without penalty provided the interest accrued on the "PMSI Amount" or "Value/Claim Amount" is calculated on a simple interest basis. The holder of an allowed secured claim (other than a home mortgage claim) shall retain the lien securing its claim until the earlier of payment of the underlying debt determined under nonbankruptcy law or discharge under 11 U.S.C. §1328. With respect to each allowed secured claim provided for under Section II. (B)(3) of the plan and where the full Total Payment amounts have been paid, the entry of a discharge under 11 U.S.C. §1328(a) shall entitle the debtor to obtain an order by exparte motion directing the holder of such claim to cancel the lien and turn over the title to the debtor.

  **(5) SURRENDER OF COLLATERAL OR REJECTION OF EXECUTORY CONTRACT LIFTS STAY.**
  To the extent that this plan proposes surrender of collateral or rejection of an executory contract, upon confirmation of the plan, debtor agrees that the 11 U.S.C. §362 automatic stay be lifted as to these items, to allow any creditor holding a security interest in the items to pursue its rights to the collateral. Unless otherwise provided herein, any surrender shall be deemed in full satisfaction of the secured claim, determined

by the actual claim filed or if same is inconclusive by the value set on such property in the schedules filed by Debtor. Nothing herein is intended to abrogate debtor's or creditor's state law contract rights. If a creditor prevails in maintaining the right for an unsecured deficiency claim, nothing herein shall release any creditor from complying with all applicable state and federal laws.

**(B) CLAIMS SECURED BY REAL ESTATE**

**(1) STATED MONTHLY PAYMENT & PRE-PETITION ARREARAGE IS ESTIMATED.**
Any monthly payment or arrearage amount provided for in I(C)(1) or (2), II(B)(2)(b), II(B)(4) (a) or (b) is debtor's best estimate of what was owed as of the date the petition was filed. The actual monthly mortgage payment and allowed pre-petition arrearage shall be determined by the claims filed, or by Court rulings at confirmation if the issue is raised by objection to confirmation, or by rulings on objection(s) to the claim(s) filed.

**(2) TIMING OF TRUSTEE DISBURSED PAYMENTS ON REAL PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE AND ADMINISTRATIVE DELAY PAYMENTS.**
If this plan provides that the Trustee is to be the disbursing agent on real property that is the debtor's principal residence, the Trustee shall pay all such payments due during the term of the plan as set forth in II(B)(2)(b), II(B)(4) (a) or (b) above, including any allowed post-petition charges incurred during the term of the plan. This plan may provide that certain Trustee disbursed payments on real property that is the debtor's principal residence are recognized as "administrative delay payments." Plans that have Trustee disburse payments on the real property that is the debtor's principal residence will reflect no more than three months of administrative delay payments. This delay is caused by the provision contained in 11 U.S.C. §1326(a) which provides that the first plan payment to the Trustee is not due until thirty (30) days after the order for relief and because the Trustee will typically require some additional time period to process and disburse the funds received. The total number of all Trustee disbursed payments on real property that is the debtor's principal residence (including any administrative delay payments) shall at least be equal to the term of the Plan; however in some cases an additional month may be included.

**(3) NOTICE OF PAYMENT CHANGE/ADJUSTMENT OF PAYMENT AMOUNT.**
During the term of the plan and after completion the home mortgage creditor and/or mortgage holder and/or servicing entity shall continue to send to the debtor all notices, statements, or other written information that would have been mailed to the debtor but for the filing of the bankruptcy proceeding; however, demand letters are not permitted. If the holder of a home mortgage claim proposes to adjust the amount of the regular contractual installment payment due to a change in the interest rate, or escrow adjustment for payment of insurance and/or taxes, the claimant shall give written notice of the "adjusted home mortgage payment" to the debtor, debtor's counsel, and the trustee along with appropriate documentation explaining the reason for the adjustment. No post petition adjustment to the contractual installment payments due on a claim dealt with pursuant to §1322(b)(5) shall be valid unless authorized by the agreement upon which the claim is based, and unless timely notice of the proposed adjustment is served on the debtor, debtor's attorney, and the Chapter 13 Trustee.

If the Trustee disburses the Home Mortgage Payments, then upon receipt of a notice pursuant to the preceding paragraph, the Trustee shall send a letter to the debtor and debtor's counsel indicating that Trustee is either going to make the adjusted payment or cannot make the adjusted payment because of insufficient funding of the plan. If the debtor does not agree with the adjustments to the home mortgage payments proposed by the home mortgage creditor, it will be the duty of the debtor to take prompt action to contest the payment of the "adjusted home mortgage payment" by the Trustee, including, but not limited to, seeking by contradictory motion filed with the Bankruptcy Court a judicial determination of whether or not the "adjusted home mortgage payment" is warranted. Failure of the debtor to take any timely action to stop the disbursement by

the Trustee of the "adjusted home mortgage payment" will constitute a waiver by the debtor of any action against the Trustee for the disbursement of payments that may ultimately be found or determined to incorrect or excessive. Disbursements of the "adjusted home mortgage payments" are subject to refund/disgorgement by the home mortgage creditor upon ruling by the Court. If the disbursement of an "adjusted home mortgage payment" causes the plan to fail to meet the minimum standards for confirmation described in 11 U.S.C. §1325 and the debtor has failed to modify the plan within thirty (30) days of the new payment date, then the Trustee or the debtor may seek a modification of the plan pursuant to 11 U.S.C. §1329, or file a motion to dismiss or convert the case.

**(4) TRUSTEE'S DUTY TO CONFIRM NO UNPAID FEES, COSTS, OR CHARGES ON HOME MORTGAGES.**
If the Trustee is the disbursing agent for the home mortgage(s), the Trustee shall confirm that there are no additional charges, late payments, escrow arrearages or other sums due prior to the closure of the case resulting from the completion of plan payments. Prior to the closure of the case resulting from completion of plan payments, a party in interest may seek a determination by the Court concerning the sufficiency of the payments made to a creditor pursuant to these provisions. Unless the Court orders otherwise, pursuant to an appropriate motion or other pleading, an order granting the debtor a discharge in this case shall serve as a conclusive determination that all pre-petition and post-petition defaults with respect to the debtors' mortgage have been cured, within the meaning of 11 U.S.C. §1322(b)(5), as of the date of the final payment to the claimant by the Trustee. Furthermore, the debtors' mortgage account shall be deemed current and reinstated on the original payment schedule under the note and security agreements as if no default had ever occurred.

If home mortgage payments are being disbursed by the Chapter 13 Trustee, the Trustee shall, prior to closure of the case resulting from completion of plan payments, make a RESPA request and then file a Motion to Determine the Payment Status of the Home Mortgage. The motion shall seek a court determination that the home mortgage(s) is current through a date certain. For the purpose of this provision, the Debtor authorizes and acknowledges that the Chapter 13 Trustee is an agent of the debtor for the purposes of the RESPA request. The Motion to Determine the Payment Status of the Home Mortgage shall specify the time period covered by the plan and the total amount which should have been paid over the same time period. The motion shall set forth the date and amount of each payment made by the Trustee to a creditor whose claim is subject to these provisions. The motion shall be served on the debtor, debtor's counsel and each creditor holding a claim described in the motion. If any such creditor seeks to make a claim against the estate or the debtor that arose within the period covered by the motion (e.g. a claim for late charges or attorneys fees or any other charge authorized by the agreement with the debtor), such claim shall be barred unless a response to the motion is: (i) filed within seven (7) days prior to the proposed hearing date; and (ii) is allowed by the court.

**(5) APPLICATION OF PRE-PETITION ARREARAGES, POST PETITION MORTGAGE PAYMENTS.**
Under 11 U.S.C. §1322(b)(2), (3) & (5) the debtor's plan must and this Plan does provide for two distinct claims where real property that is debtor's principal residence is involved: (1) a Cure of Default Claim providing for the cure of defaults over a reasonable time–Plan Summary II.(B)(4)(a) & (b) ; and (2) a maintenance of Regular Payment Claim while the case is pending on a secured claim on which the last payment is due after the date on which the final payment under the plan is due--Plan Summary II.(B)(2)(b). Unless otherwise provided by the plan or ordered by the court, payments disbursed by the Trustee on the Cure of Default Claim to holders and/or servicers of mortgage claims shall be applied and credited only to the pre-petition or post-petition arrears necessary to cure the default, which shall consist of amounts listed on the allowed proof of claim or accruing after petition date and authorized by the note and security-agreement and applicable nonbankruptcy law. Payments disbursed on the post petition Regular Payment Claim to holders and/or servicers of mortgage claims whether disbursed by the debtor or by the Trustee shall be applied and credited to debtor's mortgage account in the order and priority specified in the note and security agreement and applicable non-bankruptcy law as if the account were current on the petition date and no pre-petition

default existed. Post-petition mortgage payments made in a timely manner under the terms of this plan shall be applied and credited without penalty.

**(6) APPROVAL OF POST-PETITION MORTGAGE FEES, COSTS AND CHARGES.**
In order for a mortgage servicer to obtain approval of any fees, costs or charges approved under §506(b) during the course of the chapter 13 plan they must either: (I) file and notice fro an "if and only if" hearing an application for such §506(b) fees, costs or charges, or (ii) file a proof of claim which specifies the post-petition fee, costs, or charges and timely notice the same to the Trustee, debtor and debtor's counsel. The failure of a holder and/or servicer to give such notice shall be deemed a waiver for all purposes of ay claim for fees, expenses or charges accrued, and the holder and/or servicer shall be prohibited from collecting or assessing such fee, expenses or charges against the debtors or the debtors' account after entry of the order granting a discharge.

**(C) MISCELLANEOUS OTHER PROVISIONS**

**(1) ADEQUATE PROTECTION PAYMENTS AND INSURANCE.**
Beginning as soon as practicable upon the filing of a secured claim, if required—see III(A)(3), for a creditor identified in paragraph II(B)(1)(a), the Trustee shall make adequate protection payments which will usually equal 50% of a hypothetical monthly payment calculated by amortizing the amount to be paid to the creditor over the entire term of the plan. Adequate protection payments for a creditor identified in paragraph II(B)(1)(a), and if required for which an allowed secured claim has been filed, shall continue throughout the course of Trustee disbursements until the Total Payment amount on the creditor's secured claim provided for in II(B)(3)(a) and/or (b) has been paid. If a creditor receives Adequate Protection Payments, then the "Average Payment" shown under II(B)(3)(a) and/or (b) will be the amount shown, less the adequate protection payment paid in each disbursement. All adequate protection payments made shall be applied towards and deducted from the Total Payment amount. Nothing herein shall prohibit the Trustee from disbursing amounts in addition to the equal monthly installments from surplus funds consistent with the ranking provided in II(B). Additionally, the debtor will maintain full coverage insurance against all loss on the property or properties that the lien or mortgage attaches to, and the lien holder or mortgagee shall be shown as the loss payee to receive payment in the event of loss; however, if the collateral securing the obligation is a vehicle or other personal property with a value of less than $3,500.00 or the underlying security agreement does not require the maintenance of insurance, the debtor will not be required to maintain full coverage insurance (this is not a waiver of any State law mandated insurance) against all losses on the property or provide for monthly adequate protection payments, unless otherwise ordered to do so.

**(2) LIQUIDATION VALUE TO BE PAID.**
The value as of the effective date of this plan of the property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor was liquidated under Chapter 7 on such date. Personal injury claims or other litigious rights which are not exempt and which exist at the time the case is commenced are 11 U.S.C. §541 property of the bankruptcy estate and must be considered for liquidation value purposes. If this plan does not specifically address such non-exempt pre-petition personal injury claims or other litigious rights such claims or rights may not be pursued or settled without approval of the United States Bankruptcy Court presiding over this case; and actions to the contrary may constitute grounds for prejudicial dismissal of the case, conversion of the case to a Chapter 7, loss of the claim or right and/or possible criminal prosecution.

**(3) NO LATE CHARGES, ETC. WITHOUT COURT APPROVAL.**
Except as provided for in III(B)(5), no late charges, service charges, or penalties may be charged or collected by creditors from the date of the petition on pre-petition debts without approval of the court after notice and hearing.

**(4) SPECIAL PROVISIONS FOR TAX AND/OR PRIORITY CLAIMANTS.**
Debtor has been informed of the requirements set forth in:

**(a) 11 U.S.C. §521(e)(2)(A)(i)** to provide to the Trustee not later than 7 days prior to the date first set for the meeting of creditors a copy of the Federal Income tax return or a transcript of such return for the most recent tax year ending immediately before the commencement of the case for which a Federal income tax return was filed.

**(b) 11 U.S.C. §521(j)** to file all tax returns that become due after commencement of the case.

**(c) 11 U.S.C. §1308** to not later than the day before the date on which the meeting of creditors is first scheduled to file with appropriate tax authorities all tax returns for all taxable periods ending during the 4 year period ending on the date of the filing of the petition. That if this has not been done, then the Debtor will inform the Trustee of such non-compliance at the meeting of creditors and if valid cause exist then request the Trustee to "hold open" the creditors meeting for a period of time not to exceed the date first scheduled for the confirmation hearing on the first filed plan to allow the debtor to have prepared and filed all required returns, provide the Trustee proof of same, and amend the Plan to provide for all tax debts shown in such returns. That if such request is granted, then such meeting of creditors shall be "held open" until the date set by the Trustee.

Debtor has been informed that non-compliance with (a), (b) or (c) above can result in the case being dismissed or converted to a Chapter 7.

If priority claims are filed that exceed the estimated amount set forth in II(B)(5) & (6), Debtor will file an objection to such claims(s) and/or modify the plan to pay the claim(s) as filed. Nevertheless, any proof of Claim asserting a priority claim shall be deemed allowed and paid by the Trustee, even if the claim is not listed in the plan, unless and until a successful objection to the claim has been filed or the claim has been withdrawn. In the event the Trustee disburses on a priority claim not provided for in the plan, the Trustee shall disburse in the rank and order as if the claim was provided for in the applicable section of the plan. If the Trustee determines that the plan is not adequately funded because of the amount of a priority claim, the Trustee shall notify debtor and debtor's counsel and debtor will either modify the plan accordingly and/or object to the claim.

**(5) OBJECTION(S) TO PROOF(S) OF CLAIM.**
Confirmation of this plan does not bar the debtor or any party in interest from objecting to a claim whether filed or not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.

**(6) CESSATION OF PAYMENTS WHEN AUTOMATIC STAY LIFTED OR WHEN PLAN FILED PROPOSING 11 U.S.C.1325(a)(5)(C) SURRENDER.**
Unless ordered otherwise, the Trustee shall cease making disbursements to any secured creditor(s) that is secured by real or personal property that is §541 property of the estate after:

(a) An order lifting the 11 U.S.C. §362(a) Automatic Stay on behalf of any recognized lien holder as to said property is entered and becomes final, or

(b) Debtor files a modified plan that proposes to "surrender" pursuant to 11 U.S.C. §1325(a)(5)(C) such property to a creditor that has a security interest in same. The creditor may be entitled to continue receiving disbursements on previously provided for unsecured claims, unless a modification proposing to surrender the collateral is filed that would full satisfy all of such creditor's claims. If a modification proposing to surrender

the collateral is filed and ultimately confirmed that allows for a deficiency claim for the creditor, provided the property is liquidated in a manner which would otherwise allow the creditor to pursue against the debtor a deficiency claim absent a bankruptcy, an itemized proof of claim for any deficiency must be filed within one hundred twenty (120) days after the confirmation of the plan that proposed such "surrender" for the creditor to be allowed to participate in disbursements from the Trustee tor debtor. See Section III (A)(5).

**(7) RESERVATION AND RETENTION OF PRE & POST -PETITION CLAIMS.**
Confirmation of this plan shall constitute a finding that the debtor does not waive, release or discharge but rather retains and reserves for himself and the bankruptcy estate any and all pre-petition claims and any and all post-petition claims that debtor could or might assert against any party or entity arising under or otherwise related to any state or federal statute or under state or federal consumer law including, but not limited to, fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, Retail Installment Sales Act violations, Truth In Lending violations, Home Equity Protection Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court.

To the extent a claim or counter claim is known by the debtor, the debtor is aware of the duty to list such claims or counter claims in the schedules and statements filed with this bankruptcy. The debtor has been made aware of the duty to disclose any such claims or counter claims should they become known to the debtor after the original schedules and statements have been filed or they arise after such date and if they may be property of the bankruptcy estate. The legal doctrines of issue preclusion are not to be prejudiced by these reservations and if a contested matter arises and such issues are joined or such issues should be raised and/or joined and such claims or counter claims were not disclosed, then the debtor has been informed that such claims our counter claims may be lost under the legal doctrines of issue preclusion and that debtor may later be barred from raising or pursuing such claims or counter claims.

**(8) PROPERTY OF ESTATE AND VESTING OF SAME IN DEBTOR AT CONFIRMATION.**
The filing of the bankruptcy petition by the debtor acts as a transfer by the debtor to the bankruptcy estate of all property, assets, rights that have value and claims against others that have value that the debtor has as of the date of the filing of the bankruptcy petition. Except as otherwise provided in this Plan, the confirmation of this plan vests all property of the bankruptcy estate in the debtor; this vesting of property of the bankruptcy estate in the debtor does not eliminate the legal requirement of the debtor to obtain court order authority to sell, lease, mortgage property or settle claims of the bankruptcy estate and absent such court order authority NO such sale, lease, mortgage or settlement of claims is permitted. If the Debtor listed in the filed schedules a personal injury or litigious claim and the last confirmed plan after such schedule was filed provided that 50% of the net recovery from any personal injury and litigious claims that are properly scheduled would be remitted to the Trustee, then confirmation of that Plan grants the Debtor and Trustee the right to settle such claim and disburse proceeds to the Trustee and Debtor without further authority from the Court.

**(9) ESTIMATED TERM.**
The number of months stated as the term of the plan is estimated. The actual term of the plan shall either be the stated number of months or the number of months necessary to allow the Trustee to pay all proposed Trustee disbursements, whichever occurs earlier. The proposed Trustee disbursements are those sums recognized in this plan including any additional sums required by III(C)(10). Notwithstanding the foregoing, the plan may not provide for payments over a period that is shorter than three (3) years unless it makes provisions for full payment of all allowed claims. The plan may not provide for payments over a period that

is longer than five (5) years.

**(10) AMOUNT TO BE PAID TO NON-PRIORITY UNSECURED CREDITORS (See Sections II (B)(8)).**
The total amount to be disbursed by the Trustee pursuant to this plan to the entire non-priority unsecured creditor class (See Section II(B)(8)) may be adjusted only as follows:

(a) Unless otherwise specified, any additional sums to be remitted to the Chapter 13 Trustee in connection with I(B), or other orders of the court, shall result in an increase in the specific amounts to be disbursed by the Trustee to the non-priority unsecured creditor classes in II(B)(8); however, once received, those amounts shall be distributed consistent with the order of distribution set forth in the plan (See Section II).

(b) Except as provided in III(C)(10)(a) above, if, after payments of all Trustee disbursed Total Payment amounts set forth in Section II, excess funds are available prior to the 36th payment due date, the Trustee may disburse those sums to the non-priority unsecured creditors consistent with the order of distribution in the plan (See Section II).

(c) Minor adjustments to the total amount paid to the entire non-priority unsecured creditor class caused by good faith rounding or administrative errors of plus or minus (+ or -) $250.00.

(d) In below median income cases, if the total of all allowed arrearage amounts to be disbursed by the Trustee are less than the total of all amounts provided for in II(B)(4), or if the total of all allowed priority claims are less than the total of all amounts provided for in II(B)(6), and the 36th payment due date has elapsed, the Trustee may disburse the resulting additional sums to the non-priority unsecured creditors in class II(B)(8) consistent with the order of distributions forth in the plan (See Section II).

(e) In above the median income cases, if the total of all allowed arrearage amounts to be disbursed by the Trustee are less than the total of all amounts provided for in II(B)(4), or if the total of all allowed priority claims are less than the total of all amounts provided for in II(B)(6), and the 60th payment due date has not elapsed, the Trustee may disburse the resulting additional sums to the non-priority unsecured creditors in class II(B)(8) consistent with the order of distribution set forth in the plan (See Section II).

**IV. DEBTOR'S REQUEST & MOTION FOR VALUATION OF SECURITY PURSUANT TO 11 U.S.C. §506:**

Under 11 U.S.C. §506(a) claims are secured claims to the extent of the value of the creditor's interest in the estate's interest in property, and such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property. 11 U.S.C. §506(a)(2) states the value of personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the bankruptcy petition without deduction for costs of sale or marketing, and for property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined. Under Bankruptcy Rule 3012 the court may determine the value of a secured claim by motion of any party in interest and after a hearing on notice to the holder of the secured claim. The debtor's plan sets forth values for the creditor's interest in the estate's/debtor's interest in specific properties. The debtor requests that this Court value the collateral of each of the creditors at the collateral value stated in part (II)(B)(3(b) of the debtor's plan of repayment. To the extent that the amount of the debt of any such creditor exceeds the stated collateral value, the debtor requests this Court order the difference be treated in the chapter 13 plan as an unsecured claim without priority. The debtor further requests the Court order the lien of each creditor listed be satisfied upon payment of the collateral value and the issuance of the debtor's discharge.

DATED: <u>February 29, 2012</u>     SIMON, FITZGERALD, COOKE, REED & WELCH

                BY: <u>/s/ Jennifer L. Purnell for</u>
                    Jennifer L. Purnell, #26475
                    Keith M. Welch, #13347
                    Simon, Fitzgerald, Cooke, Reed & Welch
                    4700 Line Ave., Suite 200
                    Shreveport, LA 71106
                    (318) 868-2600
                    Jennifer L. Purnell